## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ARTHANIEL ALSTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 06-2403-CM** |
| | ) | |
| **U-HAUL CO. OF KANSAS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER</u>

This employment discrimination case is before the court on Defendant U-Haul Co. of Kansas, Inc.'s Partial Motion to Dismiss (Doc. 5). Plaintiff has conceded five of the points in defendant's motion. Those portions of defendant's motion are granted for the reasons stated in defendant's brief. The only remaining issue before the court is whether plaintiff's ADEA and Title VII harassment claims must be dismissed for failure to exhaust administrative remedies. The court concludes that the claims should be dismissed.

Before bringing a Title VII or ADEA action, a plaintiff must exhaust his administrative remedies. *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir. 1997) (citing *Jones v. Runyon*, 91 F.3d 1398, 1409 (10th Cir. 1996)) (Title VII); *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (ADEA). Specifically, a plaintiff must file an administrative charge with the Equal Employment Opportunity Commission ("EEOC"). The purpose of this prerequisite is to ensure that employers have notice of the charges and to provide employers with an opportunity to voluntarily alter any illegal behavior. *See Aguirre v. McCaw RCC Commc'ns, Inc.*, 923 F. Supp. 1431, 1433 (D. Kan. 1996). After a plaintiff has complied with this administrative requirement, he

may file suit.  "The suit may include allegations of discrimination reasonably related to the allegations listed in the administrative charge, including new acts occurring during the pendency of the administrative charge." *Aramburu*, 112 F.3d at 1411 (citing *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 864 F.2d 680, 682 (10th Cir. 1988)).  But courts will disregard allegations not "reasonably related" to the listed allegations; to allow consideration "'would circumvent the administrative agency's investigatory and conciliatory role as well as deprive the charged party [of] notice of the charge.'"  *Smith v. Bd. of Pub. Utils.*, 38 F. Supp. 2d 1272, 1284 (D. Kan. 1999) (quoting *Harrell v. Spangler, Inc.*, 957 F. Supp. 1215, 1219 (D. Kan. 1997)) (internal quotation marks and citation omitted).  "[B]ecause failure to exhaust administrative remedies is a bar to subject matter jurisdiction, the burden is on the plaintiff as the party seeking federal jurisdiction to show by competent evidence that she did exhaust."  *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002).

Plaintiff filed his EEOC Charge of Discrimination *pro se*.  In the charge, plaintiff alleged discrimination and retaliation on the basis of race and age.  Specifically, plaintiff alleged that he was "subjected to less favorable terms and conditions of employment, including through limitation of my access to the telephone, locks and alarm system; changes to my work hours; and additional physical screenings for prohibited substances."  Nowhere in the charge does plaintiff reference harassment based on age or race or allege facts that would suggest that he was subject to harassment.  In a Questionnaire that plaintiff appears to have provided to the EEOC, plaintiff marked "yes" in response to the question, "Are you aware of statements made by the organization's management showing prejudice toward you because of your race, color, religion, sex, national origin, age or disability?"  He also wrote, "see attached . . . employers statement . . . of unemployment appeal

papers," but did not otherwise expand his response.  The only document that appears to have been attached to plaintiff's Questionnaire is a paper that states "WatchDog Unemployment Cost Control" at the bottom.  The document is a statement by defendant of reasons for plaintiff's discharge.  The document does not reference plaintiff's race or age and does not contain remarks that could be regarded as harassing.  It explains defendant's position that plaintiff was discharged for attendance infractions and describes the events leading to his discharge.

In this case, it is possible that the signed and verified Questionnaire should be considered part of plaintiff's EEOC charge for purposes of exhaustion.  *See Jones v. United Parcel Serv., Inc.*, 411 F. Supp. 2d 1236, 1249–51 (D. Kan. 2006) (considering a signed and verified intake questionnaire a valid formal charge of discrimination).  *But see McCall v. Bd. of Commr's of County of Shawnee, Kan.*, 291 F. Supp. 2d 1216, 1222–23 (D. Kan. 2003) (collecting cases and holding that submission of an unverified intake questionnaire did not constitute exhaustion of remedies).  But even if the court were to consider the Questionnaire, the court finds that the Questionnaire does not identify a harassment claim.  It does not describe any age-related or racially-discriminatory remarks or otherwise reference harassment or facts from which an investigator could discern that plaintiff was alleging harassment.  Rather, it discusses his termination and the complaints that he made to management about his cut in pay, his title, and his termination.  It also references the unemployment document that discusses plaintiff's termination.

The court understands that plaintiff was not represented by counsel at the time he completed the EEOC charge, but at a minimum, he must allege facts in the charge from which the investigators could reasonably infer that he was claiming harassment.  *See Mitchell v. City & County of Denver*, 02-1263, 2004 WL 2287756, at *4 (10th Cir. Oct. 12, 2004); *Aramburu*, 112 F.3d at 1410; *Guliford v. Beech Aircraft Corp.*, 768 F. Supp. 313, 316 (D. Kan. 1991) ("'[T]he critical question is whether

the claims set forth in the civil complaint come within the 'scope of the EEOC investigation' which can reasonably be expected to grow out of the charge of discrimination.'" (citations omitted)).  In fact, the more lenient "reasonably related" standard is intended to account for the fact that employees often do not have counsel when they complete administrative charges.  *See Mitchell*, 2004 WL 2287756, at *3.  Plaintiff's complaints of discrimination and retaliation are not reasonably related to his complaints of harassment.  *See Smith v. Bd. of County Comm'rs*, 96 F. Supp. 2d 1177, 1186 (D. Kan. 2000) (finding age-based harassment claim beyond the scope of age-based discrimination claims); *Reese v. Goodyear Tire & Rubber Co.*, 859 F. Supp. 1381, 1387 (D. Kan. 1994) (finding racial harassment claim beyond the scope of retaliation charge); *see also Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 503 (7th Cir. 1994) ("[O]rdinarily, a claim of sexual harassment cannot be reasonably inferred from allegations in an EEOC charge of sexual discrimination."); *Pritchett v. W. Res., Inc.*, 313 F. Supp. 2d 1120, 1127 (D. Kan. 2004) (finding hostile work environment claim not reasonably related to discrimination claim); *Zartman v. Coffey County Hosp.*, 03-2567-GTV, 2004 WL 877667, at *2 (D. Kan. Apr. 22, 2004) (finding discrimination claims not reasonably related to hostile work environment claim).  Based on these circumstances, the court concludes that plaintiff failed to administratively exhaust his ADEA and Title VII harassment claims.

**IT IS THEREFORE ORDERED** that Defendant U-Haul Co. of Kansas, Inc.'s Partial Motion to Dismiss (Doc. 5) is granted.

Dated this 10th day of May 2007, at Kansas City, Kansas.

 s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**